IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLARENCE LEE ARTIS, III,

    Petitioner,

v.                                                      Civil Action No. 3:11CV721

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Petitioner Clarence Lee Artis, III, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] (the "§ 2254 Petition"). (Docket No. 1.) Respondent filed a Motion to Dismiss (Docket No. 9) and Rule 5 Answer (Docket No. 10), providing Artis with appropriate *Roseboro*[2] notice (Docket No. 12). Respondent contends, *inter alia*, that the statute of limitations bars this action.[3] Artis has responded. (Docket No. 14.) The matter is ripe for adjudication. Jurisdiction exists under 28

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

    The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] Additionally, Respondent argues procedural default and waiver as grounds for the dismissal of Artis's § 2254 Petition. Because the Court finds that the statute of limitations bars this action, the Court need not consider Respondent's alternate arguments.

U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 9.)

## I. Factual and Procedural History

### A.   Artis's Sentencing and Direct Appeal

On April 21, 2006, Artis pled guilty in the Circuit Court of the City of Suffolk, Virginia ("Circuit Court") to first degree murder, robbery, statutory burglary while armed with a deadly weapon, wearing a mask in public, two charges of attempted robbery, and five charges of use of a firearm in the commission of a felony. Sentencing Orders, *Commonwealth v. Artis*, Nos. CR05001606-00 through CR05001610-00, CR05001646-00 through CR05001651-00 (Va. Cir. Ct. entered Aug. 18, 2006). On August 18, 2006, the Circuit Court sentenced Artis to a total active term of incarceration of fifty years and entered final judgment. *Id.*

On September 18, 2006, Artis filed a notice of appeal in the Circuit Court and requested the appointment of counsel. Notice of Appeal and Request for Counsel, *Commonwealth v. Artis*, Nos. CR05-1606-1610, CR05-1646-1654 (Va. Cir. Ct. filed Sept. 18, 2006). On October 6, 2006, the Circuit Court appointed Anne M. Lynch to represent Artis in his appeal. Order, *Commonwealth v. Artis*, Nos. CR05001606-00 through CR05001610-00, CR05001646-00 through CR05001651-00 (Va. Cir. Ct. entered Oct. 6, 2006). On January 9, 2007, Lynch submitted a Petition for Appeal to the Court of Appeals of Virginia ("Court of Appeals") and mailed a copy to Artis. Petition for Appeal, *Artis v. Commonwealth*, No. 2922-06-1 (Va. Ct. App. filed Jan. 11, 2007). On March 21, 2007, the Court of Appeals denied the Petition for Appeal. *Artis v. Commonwealth*, No. 922-06-1, at 1 (Va. Ct. App. Mar. 21, 2007). Artis did not seek review from the Supreme Court of Virginia.

U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 9.)

## I. Factual and Procedural History

### A.   Artis's Sentencing and Direct Appeal

On April 21, 2006, Artis pled guilty in the Circuit Court of the City of Suffolk, Virginia ("Circuit Court") to first degree murder, robbery, statutory burglary while armed with a deadly weapon, wearing a mask in public, two charges of attempted robbery, and five charges of use of a firearm in the commission of a felony. Sentencing Orders, *Commonwealth v. Artis*, Nos. CR05001606-00 through CR05001610-00, CR05001646-00 through CR05001651-00 (Va. Cir. Ct. entered Aug. 18, 2006). On August 18, 2006, the Circuit Court sentenced Artis to a total active term of incarceration of fifty years and entered final judgment. *Id.*

On September 18, 2006, Artis filed a notice of appeal in the Circuit Court and requested the appointment of counsel. Notice of Appeal and Request for Counsel, *Commonwealth v. Artis*, Nos. CR05-1606-1610, CR05-1646-1654 (Va. Cir. Ct. filed Sept. 18, 2006). On October 6, 2006, the Circuit Court appointed Anne M. Lynch to represent Artis in his appeal. Order, *Commonwealth v. Artis*, Nos. CR05001606-00 through CR05001610-00, CR05001646-00 through CR05001651-00 (Va. Cir. Ct. entered Oct. 6, 2006). On January 9, 2007, Lynch submitted a Petition for Appeal to the Court of Appeals of Virginia ("Court of Appeals") and mailed a copy to Artis. Petition for Appeal, *Artis v. Commonwealth*, No. 2922-06-1 (Va. Ct. App. filed Jan. 11, 2007). On March 21, 2007, the Court of Appeals denied the Petition for Appeal. *Artis v. Commonwealth*, No. 922-06-1, at 1 (Va. Ct. App. Mar. 21, 2007). Artis did not seek review from the Supreme Court of Virginia.

### B. Artis's Reasoning as to Why He Did Not Seek Review from the Supreme Court of Virginia

Artis contends he never heard from Lynch after he received the copy of the Petition for Appeal and that he never received a copy of the decision of the Court of Appeals denying his Petition for Appeal. Several months after his receipt of the Petition for Appeal, Artis wrote Lynch several times requesting information concerning his appeal but did not receive any replies. According to Artis, after his mailings continued to be ignored, members of his family also attempted on numerous occasions to contact Lynch by telephone at her law firm's office. Artis indicated that in response to these calls, personnel at the law office informed his family of Lynch's unavailability, but assured them that Lynch would return their calls as soon as possible. Lynch did not return any of the phone calls.

In June 2009, nearly two years and three months after the decision of the Court of Appeals denying Artis's Petition for Appeal, Artis learned from a newspaper article that Lynch had resigned due to an excessive caseload. After discovering the article, Artis "began to investigate." (Pet'r's Mem. Supp. § 2254 Pet. ("Pet'r's Mem. Supp.") 11.) He later discovered that the Virginia State Bar had suspended Lynch's license in June 2009 and that Lynch allegedly "had been convicted of embezzling" around November 2009. (Pet'r's Mem. Supp. 3.) Artis also learned that the Court of Appeals had found Lynch in contempt for her failure to respond to court orders in other cases.

### C. Artis's State Habeas Petition

Artis alleges that "[a]s soon as practicable after ascertaining that he had been abandoned [by Lynch], [he] filed his petition for a writ of habeas corpus in the Supreme Court of Virginia." (Pet'r's Mem. Supp. 11.) Artis filed his petition for writ of habeas corpus with the Supreme Court of Virginia on September 20, 2010. Petition for Writ of Habeas Corpus, *Artis v. Dir. of*

3

*Dep't of Corr.*, No. CR05-1606-1610, CR05-1646-1654 (filed Sept. 20, 2010). On November 4, 2010, the Supreme Court of Virginia dismissed his petition as not timely filed under Virginia Code § 8.01-654(A)(2). *Artis v. Dir. of Dep't of Corr.*, No. 101803 (Va. Nov. 4, 2010). Artis subsequently submitted a request for an en banc rehearing. Request for En Banc Rehearing, *Artis v. Dir. of Dep't of Corr.*, No. 101803 (Va. filed Nov. 18, 2010). On January 20, 2011, the Supreme Court of Virginia denied Artis's request. *Artis v. Dir. of Dep't of Corr.*, No. 101803 (Va. Jan. 20, 2011).

### D.     Artis's § 2254 Petition

On October 31, 2011, the Court received Artis's § 2254 Petition.[4] In his § 2254 Petition, Artis raises two grounds for relief: (1) he was denied his Sixth Amendment right to counsel at a critical stage of his capital murder trial and, (2) he was denied his Sixth Amendment right to effective assistance of counsel on appeal. Artis claims an entitlement to belated commencement due to "an impediment created by a State action, which continued until January 20, 2011." (§ 2254 Pet. 10.)[5] He alleges that the state, by appointing and employing Lynch, "depriv[ed] [him] of any opportunity to appeal his conviction to the state's highest court . . . resulting in . . . an untimely filed petition for a writ of habeas corpus." (§ 2254 Pet. 13.)

---

[4] The Court considers a prisoner's petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Artis failed to state the date he executed the petition. However, the postmark reveals that Artis mailed the § 2254 Petition on or about October 28, 2011. (§ 2254 Pet. Ex. 1.)

[5] The Court refers to the pages of this document as numbered by CM/ECF.

4

## II. Analysis

### A. Statute of Limitations

Under federal law, state prisoners filing a writ for habeas corpus must abide by a one-year limitations period. Specifically, 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Artis's conviction became final on April 20, 2007 because he did not seek review from the Supreme Court of Virginia within thirty days after the

decision of the Court of Appeals denying his Petition for Appeal. *See* Va. Sup. Ct. R. 5:14(a).[6] Thus, under § 2244(d)(1)(A), Artis had one year, or until April 20, 2008, to file a federal habeas corpus petition challenging his conviction or sentence.

Although Artis filed a petition for writ of habeas corpus in the Supreme Court of Virginia, Artis receives no statutory tolling for two reasons. First, Artis filed this petition on September 20, 2010, after the federal statute of limitations had run. *Deville v. Johnson*, No. 1:09cv72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (*citing Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Second, the Supreme Court of Virginia denied his petition as untimely making the petition an improperly filed application for post-conviction relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see* Va. Code § 8.01-654(A)(2) (requiring a habeas corpus petition to be filed within one year after the cause of action accrues).

Artis filed his § 2254 Petition on October 28, 2011, three years and six months after the expiration of the one-year statutory limitations period. Because Artis did not file his § 2254 Petition within the one-year statutory limit, his Petition will be barred by the statute of limitations unless he can demonstrate grounds for belated commencement or equitable tolling.

---

[6] This rule provides:

> No appeal from a judgment of the Court of Appeals which is subject to appeal to this Court shall be allowed unless, within 30 days after entry of final judgment or order denying a timely petition for rehearing, a notice of appeal is filed with the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5:14(a).

### B. Belated Commencement

#### 1. State-Created Impediment

Artis contends that he "was prevented from filing his state habeas petition as a result of a state-created impediment." (Pet'r's Mem. Supp. 11.) He reasons that his court-appointed attorney abandoned him during the appeal process by failing to inform him of his denied appeal, failing to seek further review from the Supreme Court of Virginia, and failing to return any of his inquiries. Under § 2244(d)(1)(B), the "'impediment to filing . . . must be created by state action.'" *O'Neill v. Dir. of Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *3 (E.D. Va. Aug. 9, 2011) (*quoting Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)) (omission in original). Courts have expressly held that the conduct of counsel, including state-appointed counsel, does not constitute state action. *Id.* (*quoting Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991)). Therefore, Artis cannot demonstrate a state-created impediment based on Lynch's conduct.

#### 2. Discovery of the Factual Predicate

The Court next considers whether Artis is entitled to belated commencement of the limitations period under § 2244(d)(1)(D). This section provides that the statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This provision allows protection to petitioners when their claims could not have been brought earlier.[7]

---

[7] Belated commencement pursuant to this section cannot apply to Artis's first claim relating to denial of counsel at a critical stage of his capital murder trial. Artis knew or should have known the factual predicate of that claim at the time of his Circuit Court proceedings. The Court considers belated commencement under § 2244(d)(1)(D) as applicable only to Artis's second claim—that he was denied effective assistance of counsel on appeal.

7

Due diligence is a fact-specific inquiry that is unique to each case. *United States v. Crawley*, No. 3:07CR488, 2012 WL 32402, at *2 (E.D. Va. Jan. 5, 2012) (*citing Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000)). The petitioner carries the burden in proving that he or she exercised due diligence. *Id.* (*citing DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)). Due diligence does not require the petitioner to exhaust every conceivable option but does require the petitioner, at least, to make reasonable efforts to discover the underlying facts supporting his or her claim. *Id.* (*quoting Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008)). After Lynch filed Artis's Petition for Appeal, he was required to diligently follow up with his attorney regarding its pending status. *See El-Abdu'llah v. Dir., Va. Dep't of Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2-3 (E.D. Va. June 4, 2008). Furthermore, "when counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *Id.* at *2 (*citing Shelton v. Ray*, No. 7:05CV271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005)).

Here, Artis received a copy of his Petition for Appeal filed with the Court of Appeals around January 9, 2007 but did not receive any indication that his appeal to the Court of Appeals had been denied in March 2007. Artis contends that "after several months had elapsed with no word from his attorney, [he] b[e]gan writing to her to inquire about the appeal." (Pet'r's Mem. Supp. 10.) After receiving no response, he enlisted his family's support to call Lynch and request an update about the appeal, which also proved unsuccessful. Artis took no further actions to ascertain the status of his appeal until over two years later in June 2009, when he learned through a newspaper article that his attorney had resigned from her firm. He argues that "[a]s soon as practicable after ascertaining that he had been abandoned, [he] filed his petition for a writ of habeas corpus in the Supreme Court of Virginia." (Pet'r's Mem. Supp. 11.) Artis

asserts an entitlement to belated commencement claiming he exercised due diligence to determine the status of his appeal and arguing that the limitations period should begin on January 20, 2011, the day when the Supreme Court of Virginia denied his request for an en banc rehearing. As reflected below, Artis did not act with reasonable diligence prior to that date."

When the public record contains the status of an appeal, a petitioner's mere attempts to contact his or her attorney about the status of that appeal fails to constitute due diligence. *El-Abdu'llah*, 2008 WL 2329714, at *3. After receiving no response from his attorney for months, due diligence required that Artis contact the Court of Appeals to inquire about the status of his direct appeal. *Id.* However, Artis took no further action until June 2009, two years and three months after the Court of Appeals had denied his appeal. Even after Artis began to further investigate in June 2009, he did not act on the information he discovered until September 20, 2010, when he filed his first state habeas petition. He then waited almost a year after the denial of his state habeas petition before filing his § 2254 Petition in October 2011. In short, Artis's actions do not exhibit reasonable diligence.

### 3. Entitlement to Belated Commencement

Artis could have discovered his appeal had been denied on March 21, 2007, the day it was published in the public record. Further, Artis could have discovered that Lynch had not sought further review from the Supreme Court of Virginia on April 20, 2007 when no timely notice of an appeal had been filed. However, the Court recognizes that to require Artis to do so "ignores the reality of the prison system and imposes an unreasonable burden on prisoners." *Crawley*, 2012 WL 32402, at *3 (*quoting Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004)). Additionally, courts have recognized that the restrictions of prison may delay a petitioner's ability to request updates regarding appeals and communicate with counsel. *See, e.g., Moore v.*

*Knight*, 368 F.3d 936, 940 (7th Cir. 2004). "No [specific rule] emerges from the cases on how long prisoners may take to discover their lawyers' missteps . . . ." *Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011). Courts have found varying lengths of time appropriate after conducting a factually intensive analysis.[8]

Under the unique circumstances presented here, the Court finds that had Artis exercised due diligence, he would have discovered the status of his appeal, at the latest, four months after his conviction became final on April 20, 2007. Considering Artis's failure to take further action even after months of receiving no response from Lynch, Artis's status as an inmate, and his reliance on the prison mail system, acting with reasonable diligence Artis could have discovered by August 20, 2007 that the Court of Appeals had denied his Petition for Appeal and that no further appeal had been sought. *Granger*, 90 F. App'x at 100; *Wims*, 225 F.3d at 191. Applying this generous four-month entitlement to belated commencement, the limitations period for Artis's second claim began to run on August 20, 2007 and expired on August 20, 2008, three years and two months before he filed his § 2254 Petition. Accordingly, Artis's second claim remains barred by the statute of limitations.

### 4. Allegations of Affirmative Misrepresentations

Although his § 2254 Petition and Memorandum in Support do not include such allegations, Artis now alleges in response to Respondent's Motion to Dismiss that his attorney's law firm made affirmative misrepresentations by informing his family that "it is not unusual for the court to take such a long time to render its decision, and to be reassured that [his] counsel

---

[8] *Compare Granger*, 90 F. App'x at 100 (finding that a diligent prisoner can wait at least two months before contacting counsel regarding status of an appeal), *and Wims*, 225 F.3d at 191 (holding that five months is not unreasonable), *with Anjulo-Lopez*, 541 F.3d at 816, 819 (finding that three months is too long). Even under the most generous of views, Artis would be time barred.

would soon return [their] call, even after every member of the lawfirm [sic] was aware that [his] counsel's license to practice law had been suspended." (Pet'r's Br. Opp'n Resp't's Mot. Dismiss ¶ 5.) Regardless, even if the Court were to find that affirmative misrepresentations had been made, Artis's June 2009 discovery of his attorney's resignation would have put any defendant on notice that he needed to make immediate efforts to ascertain the status of his appeal directly from the appropriate court. Even if the Court ran the four-month belated commencement period from June 2009, Artis's limitations period would expire in October of 2010, a year before he filed his § 2254 Petition.

### C. Equitable Tolling

The United States Court of Appeals for the Fourth Circuit has found that equitable tolling of the statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Supreme Court has held that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (*quoting Pace*, 544 U.S. at 418). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

As stated above, Artis also has not demonstrated that he has "pursu[ed] his rights diligently" in this case. *Holland*, 130 S. Ct. at 2562. For almost two and a half years, Artis did nothing but attempt to contact his attorney. After months of receiving no response from Lynch,

he took no further action to ascertain the status of his appeal until he discovered a June 2009 newspaper article discussing Lynch's resignation. Even after this discovery, Artis did not file his state habeas petition until September 20, 2010, over two years after the end of the limitations period and over one year after he discovered his attorney had resigned. Furthermore, he did not file his § 2254 Petition until October 28, 2011, more than three years beyond the limitations period. Considering the long delay and his failure to check the public record, Artis did not pursue his rights diligently. *See generally LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005); *Jackson v. United States*, 319 F. Supp. 2d 672, 677 (E.D. Va. 2004); *Cooper v. Price*, 82 F. App'x 258, 260-61 & n.1 (3d Cir. 2003). Accordingly, Artis is not entitled to equitable tolling.

### III. Conclusion

For the foregoing reasons, the Court finds the claims in Artis's § 2254 Petition barred by the statute of limitations. Accordingly, the Respondent's Motion to Dismiss (Docket No. 9) will be GRANTED, Artis's claims will be DISMISSED, Artis's § 2254 Petition will be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

No law or evidence suggests that Artis is entitled to further consideration in this matter. A COA will therefore be DENIED.

An appropriate Order shall issue.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 4/24/12